UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GLOBAL BROTHER SRL,<br><br>    Plaintiff,<br><br>    v.<br><br>WILL KAUR, et al.,<br><br>    Defendants. | Case No. 25-cv-01283-VKD<br><br>**ORDER DENYING MOTION FOR ALTERNATIVE SERVICE; GRANTING MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA**<br><br>Re: Dkt. No. 20 |

Plaintiff Global Brother SRL ("Global Brother") moves ex parte for leave to effect alternative service by electronic mail or, alternatively, for leave to serve a third-party subpoena on Shopify, Inc. ("Shopify") prior to a Rule 26(f) conference. Dkt. No. 20.

On February 6, 2025, Global Brother filed this copyright infringement action against three named defendants, Will Kaur, George Andres Smith, Erika Tillis, and a number of unnamed Doe defendants. Dkt. No. 1. To serve defendants, Global Brother originally relied on an address listed in a DMCA counter-notice purportedly submitted by defendants via Shopify in response to Global Brother's DMCA take down notice. Dkt. No. 20 at 2. However, the address provided on the DMCA counter-notice turned out to be only the residence of Mr. Smith and not that of the other two defendants. *Id.* Mr. Smith has acknowledged that he knows Ms. Tillis but denies any knowledge of Mr. Kaur. *Id.*, DeFrancesco Decl., Ex. A. Global Brother has since dismissed Mr. Smith from the action, Dkt. No. 19, and has been able to successfully serve Ms. Tillis, Dkt. No. 23. However, Global Brother has been unable to serve Mr. Kaur.

For the reasons stated below, the Court denies Global Brother's motion for alternative service and grants its motion for leave to serve a third-party subpoena.

**I.   MOTION FOR ALTERNATIVE SERVICE**

Global Brother seeks permission to serve Mr. Kaur by emailing the documents to an email address associated with the DMCA counter-notice: pixelshophub@gmail.com. Global Brother asserts that it has "received responses [from this email address] from an individual . . . who admitted to being associated with Pixel Shop Hub, and admitted to having knowledge of the infringing conduct." Dkt. No. 20, DeFrancesco Decl. ¶ 4. This individual, however, "identified themselves as 'Elizabeth Miller'" which Global Brother suspects is a fake name. *Id.*

Rule 4(e)(1) of the Federal Rules of Civil Procedure permits service within a judicial district of the United States pursuant to the state law applicable in that district. In California, "the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." C.C.P. § 413.30. In interpreting this provision, courts in this district, under appropriate circumstances, have permitted service by email. *See Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, No. C 13-80246 WHA, 2014 WL 1877547, at *2 (N.D. Cal. May 9, 2014). However, a plaintiff seeking leave to serve by email must demonstrate an association between the email address and the defendant to be served so that the court may conclude that such service would be "reasonably calculated to give actual notice." *See Palm St. Cap. LLC v. Xie*, No. 22-cv-01932-NC, 2022 WL 22855264, at *2 (N.D. Cal. June 1, 2022).

The Court finds alternative service by email is not appropriate at this time. Global Brother has not shown that the email address pixelshophub@gmail.com is associated with named defendant Will Kaur; indeed, Global Brother suggests that "Will Kaur" may not be the name of the alleged infringer, and it has already determined that the DMCA counter-notice on which it relied to identify defendants included false address information. Dkt. No. 20 at 2 ("These efforts [to locate and serve Mr. Kaur] have now reached a dead end because the information provided by the infringing parties in their counter-notice was apparently fraudulent."); *id.* (questioning whether "Will Kaur" "ultimately turns out to be the defendant's real name or not"). And while Global Brother has been in communication with *someone* at the pixelshophub email address, that person claims to be a different individual entirely.

2

1    In these circumstances, where there is significant uncertainty as to the true name and
2 identity of the appropriate defendant, permitting service by email is premature.

## II.     MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA

Conversely, Global Brother has shown that it should be permitted to obtain discovery about the identity and service address of the defendant in question. Specifically, good cause exists to permit Global Brother to serve a third-party subpoena on Shopify for information identifying the alleged infringer and an address for service of process. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *UMG Recording, Inc. v. Doe*, No. C08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."). Global Brother has demonstrated that (1) it can identify the defendant with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court, (2) it has identified previous steps taken to locate the defendant, (3) its action against the defendant could withstand a motion to dismiss, and (4) there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible. *See Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). Additionally, Global Brother's complaint, Dkt. No. 1 ¶ 25, indicates that it has satisfied the registration requirements under 17 U.S.C. § 411(a) for commencing a copyright infringement lawsuit. *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296 (2019).

Accordingly, the Court grants Global Brother's application and orders as follows:

1. Global Brother may serve a Rule 45 subpoena on Shopify commanding Shopify to provide Global Brother with the information requested in Attachment A. *See* Dkt. No. 20, DeFrancesco Decl., Ex. C. Global Brother shall attach a copy of this order to the subpoena.
2. The return date on the subpoena must permit **at least 30 days** for Shopify to respond.
3. Shopify shall serve a copy of the subpoena and a copy of this order on the user(s) whose information is required to be disclosed **within 15 days** of the date of service

3

1  of the subpoena on Shopify. Shopify may serve the user(s) using any reasonable
2  means, including written notice sent to the last known address, transmitted either
3  by first-class mail or via overnight service.

4. Global Brother may only use the information disclosed by Shopify in response to the Rule 45 subpoena served on Shopify for the purpose of identifying the alleged infringer in order to effect service of process in this action.

5. Any affected party or user may object to the Rule 45 subpoena, and may also seek a protective order.

**IT IS SO ORDERED.**

Dated: July 17, 2025

Virginia K. DeMarchi
United States Magistrate Judge