UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GLOBAL BROTHER SRL,

          Plaintiff,

    v.

WILL KAUR, et al.,

          Defendants.

Case No.  25-cv-01283-VKD

**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR ALTERNATIVE SERVICE AND CONTINUING INITIAL CASE MANAGEMENT CONFERENCE**

Re: Dkt. No. 31

Plaintiff Global Brother SRL ("Global Brother") moves ex parte for leave to effect alternative service on defendant Will Kaur by email and by submission via Mr. Kaur's online customer service portal.  Dkt. No. 31.  For the reasons stated below, the Court grants Global Brother's motion for alternative service.

**I.       BACKGROUND**

On February 6, 2025, Global Brother filed this copyright infringement action against three named defendants, Will Kaur, George Andre Smith, Erika Tillis, and a number of unnamed Doe defendants.  Dkt. No. 1.  Global Brother alleges that defendants sold counterfeit copies of a book through defendants' e-commerce website pixelshophub.com ("PixelShopHub"), an online store hosted on Shopify.  *Id.* ¶ 13; Dkt. No. 31 at 2.

To serve defendants, Global Brother originally relied on an address listed in a DMCA counter-notice purportedly submitted by defendants via Shopify in response to Global Brother's DMCA take down notice.  Dkt. No. 20 at 2.  However, Global Brother discovered that the address provided in the DMCA counter-notice was only the residence of Mr. Smith; the other two defendants did not reside there.  *Id.*  Mr. Smith denied any knowledge of Mr. Kaur.  *Id.*  Since

1   then, Global Brother has since dismissed Mr. Smith from the action, Dkt. No. 19, and has been

2   able to successfully serve Ms. Tillis, Dkt. No. 23.

3          On June 24, 2025, Global Brother moved for leave to effect alternative service on Mr.

4   Kaur by email, or in the alternative, to serve a Rule 45 subpoena on Shopify to determine the

5   identity and contact information of Mr. Kaur.  Dkt. No. 20.  The Court found that the motion for

6   alternative service was premature but allowed Global Brother to serve a third-party subpoena on

7   Shopify for information identifying the person believed to be Mr. Kaur and his address for service

8   of process.  Dkt. No. 25.

9          On September 26, 2025, Global Brother filed a status report stating that Shopify's records,

10  produced pursuant to the subpoena, did not provide a valid physical address for Mr. Kaur.  *See*

11  Dkt. No. 29 at 1.

12         Global Brother now moves ex parte for leave to effect alternative service on Mr. Kaur by

13  email and by submission via PixelShopHub's customer service portal.  Dkt. No. 31.

## II.    LEGAL STANDARD

15         Rule 4(e)(1) of the Federal Rules of Civil Procedure permits service within a judicial

16  district of the United States pursuant to the state law applicable in that district.  In California, "the

17  court in which the action is pending may direct that summons be served in a manner which is

18  reasonably calculated to give actual notice to the party to be served and that proof of such service

19  be made as prescribed by the court."  Cal. C.C.P. § 413.30.  In interpreting this provision, courts in

20  this district, under appropriate circumstances, have permitted service by email or similar means.

21  *See Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, No. 13-mc-80246-WHA, 2014 WL

22  1877547, at *2 (N.D. Cal. May 9, 2014).  However, a plaintiff seeking leave to serve by email or

23  other electronic means must demonstrate an association between the email address or other

24  electronic means and the defendant to be served so that the court may conclude that such service

25  would be "reasonably calculated to give actual notice."  *See Palm St. Cap. LLC v. Xie*, No. 22-cv-

26  01932-NC, 2022 WL 22855264, at *2-3 (N.D. Cal. June 1, 2022).

## III.   DISCUSSION

28         Global Brother seeks permission to serve Mr. Kaur (1) by emailing the complaint and

summons to an email address associated with the DMCA counter-notice,

pixelshophub@gmail.com, and to an email address associated with PixelShopHub's customer

service system, info@pixelshophub.com; and (2) by submitting the documents via

PixelShopHub's customer service portal at https://pixelshophubcom.zendesk.com/hc/en-us.

Global Brother has demonstrated that alternative service by email and electronic

submission via PixelShopHub's customer service portal is reasonably calculated to apprise Mr.

Kaur of the pendency of this action.  First, Global Brother has demonstrated that it diligently

searched for a valid physical address for service of process on Mr. Kaur but has found none.  *See*

Dkt. No. 31 at 4-5; *id.* at ECF 9-11 ("DeFrancesco Decl.")[1].  The physical address that Mr. Kaur

provided in the DMCA counter-notice appears not to be his address.  DeFrancesco Decl. ¶ 6, Ex. 3

(describing process server's unsuccessful attempts to serve Mr. Kaur at the address).  Pursuant to

the Court's order (Dkt. No. 25), Global Brother served a third-party subpoena on Shopify and

received records, but those records did not identify a physical address for Mr. Kaur or "any other

information deemed usable."  *Id.* ¶ 7.

Second, Global Brother has shown that the two email accounts in question and

PixelShopHub's customer service portal are active and monitored by Mr. Kaur (or the person

believed to be Mr. Kaur).  Dkt. No. 31 at 3, 5; DeFrancesco Decl. ¶ 4, Ex. 2 (correspondence with

pixelshophub@gmail.com from January 27, 2025 to February 8, 2025); DeFrancesco Decl. ¶ 9,

Ex. 5 (showing counsel for Global Brother received two emails from info@pixelshophub.com on

September 26, 2025 after submitting a request through PixelShopHub's customer service portal on

the same date).  Moreover, the email address pixelshophub@gmail.com was disclosed in Mr.

Kaur's DMCA counter-notice.  Dkt. No. 31 at 2.  This suggests that service by email and by

submission via PixelShopHub's customer service portal is likely to reach Mr. Kaur and is

reasonably calculated to provide actual notice of this action.  *See Astral IP Enter. Ltd. v. Apero*

---

[1] Global Brother filed two different declarations, both signed by its attorney Jason L. DeFrancesco and dated October 17, 2025.  *See* Dkt. No. 31 at ECF 9-11; Dkt. No. 31-1.  The cites in Global Brother's motion and the filed exhibits appear to correspond with the first declaration (Dkt. No. 31 at ECF 9-11).  The second declaration (Dkt. No. 31-1) purports to attach exhibits but does not include the referenced exhibits.  The Court will construe the first declaration (Dkt. No. 31 at ECF 9-11) as the declaration intended to accompany Global Brother's motion.

United States District Court
Northern District of California

1  | *Techs. Grp.*, No. 23-cv-02853-JSC, 2023 WL 5498730, at *2 (N.D. Cal. Aug. 23,

2  | 2023) (quoting *F.T.C. v. Pecon Software Ltd.*, No. 12-cv-7186-PAE, 2013 WL 4016272, at *5

3  | (S.D.N.Y. Aug. 7, 2013)) ("Service by email alone comports with due process where a plaintiff

4  | demonstrates that the email is likely to reach the defendant.").

5  |    In the circumstances presented, the Court concludes that Global Brother's proposal for

6  | alternative service appears to be "the method of service most likely to reach" Mr. Kaur.  *See Rio*

7  | *Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002); *see also id.* at 1018 ("If any

8  | method of communication is reasonably calculated to provide RII with notice, surely it is email—

9  | the method of communication which RII utilizes and prefers.").

10 | **IV.    CONCLUSION**

11 |    For the foregoing reasons, the Court grants Global Brother's motion for leave to effect

12 | alternative service.  Global Brother may accomplish service of process by serving the complaint

13 | and summons on Mr. Kaur (1) by email at pixelshophub@gmail.com and

14 | info@pixelshophub.com; and (2) by submission via PixelShopHub's customer service portal at

15 | https://pixelshophubcom.zendesk.com/hc/en-us.

16 |    Service shall be deemed effective on the date that the emails are sent and submission

17 | through PixelShopHub's customer service portal is completed.  If at any time Global Brother

18 | obtains information indicating that any of the above-referenced email addresses or the customer

19 | service portal is unlikely to reach Mr. Kaur, it shall promptly advise the Court.  Global Brother

20 | shall file proof of service no later than **November 4, 2025**.

21 |    The Court continues the initial case management conference to **December 23, 2025 at**

22 | **1:30 p.m.** by Zoom videoconference.  The joint case management statement must be filed by

23 | **December 16, 2025**.

24 |    **IT IS SO ORDERED.**

25 | Dated: October 28, 2025

26 |

27 |

28 |

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

4