United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GLOBAL BROTHER SRL,

Plaintiff,

v.

WILL KAUR, et al.,

Defendants.

Case No. 25-cv-01283-VKD

**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE;**

**REPORT AND RECOMMENDATION RE MOTION FOR DEFAULT JUDGMENT**

Re: Dkt. No. 39

Plaintiff Global Brother SRL ("Global Brother") moves for entry of default judgment against defendants Will Kaur and Ericka Tillis.[1] Dkt. No. 39. The Clerk has entered default against Mr. Kaur and Ms. Tillis. Dkt. No. 37. Defendants have not opposed or otherwise responded to Global Brother's motion for default judgment, and briefing is closed. Civil L.R. 7-3(a). The Court held a hearing on the motion on April 7, 2026. Dkt. No. 41. Pursuant to this Court's order requesting clarification on certain matters, Global Brother submitted a supplemental brief on April 22, 2026. Dkt. No. 45.

Because defendants are in default, the Court does not have the consent of all parties to magistrate judge jurisdiction. 28 US.C. § 636(c); Fed. R. Civ. P. 73; *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court directs the Clerk of the Court to reassign this action to a district judge, with the following report and recommendation that Global Brother's motion for default judgment on its copyright infringement claim against Ms. Tillis be granted.

[1] Ms. Tillis is sued as "Erika Tillis." *See* Dkt. No. 1. However, Global Brother advises that the correct spelling is "Ericka Tillis." Dkt. No. 45 at 1-2.

United States District Court
Northern District of California

**REPORT AND RECOMMENDATION**

## I. BACKGROUND

According to the complaint, Global Brother is a Romanian company that publishes, sells, distributes, and advertises books in the United States and internationally. Dkt. No. 1 ¶ 9. Global Brother alleges that it owns and holds all rights, title, and interest in and to the intellectual property associated with a book titled *Forgotten Home Apothecary*. *Id.* Global Brother alleges that it owns U.S. Copyright Registrations TXu002445163, TXu002446715, VAu001538856, and VAu001533601 related to the work. *Id.* ¶ 11. The registrations TXu002445163 and TXu002446715 protect the book's text, and the registrations VAu001538856 and VAu001533601 protect the book's cover artwork. *Id.*

The complaint alleges that in January 2025, Global Brother discovered that counterfeit copies of its book were being sold through an e-commerce website called pixelshophub.com ("PixelShopHub"), hosted on Shopify. *Id.* ¶¶ 13, 15. On January 17, 2025, Global Brother submitted a Digital Millennium Copyright Act (DMCA) takedown notice to Shopify. *Id.* ¶ 15. Shopify suspended advertisement of the book on the PixelShopHub website. *Id.* On January 23, 2025, a person identifying herself/himself as "Will Kaur" submitted a DMCA counter-notice, seeking reinstatement of the advertisement. *Id.* ¶ 16; *Id.*, Ex. A at ECF 25-26. The counter-notice includes the following statement:

> I consent to the jurisdiction of the Federal District Court for the judicial district in which my address listed above is located or, if my address listed above is located outside of the United States, I consent to the jurisdiction of the Federal District Court for the District of Delaware. I will accept service of process from the party who submitted the DMCA Takedown Notice referred to above or its agent. I swear, under penalty of perjury, that I have a good faith belief that the affected content was removed as a result of a mistake or misidentification of the content to be removed.

*Id.*, Ex. A at ECF 26. The counter-notice lists an address for Mr. Kaur in Suisun City, California. *Id.*, Ex. A at ECF 25. According to the complaint, Mr. Kaur, Ms. Tillis, and another individual named George Andre Smith own the property at the Suisun City address and/or reside there. *Id.* ¶ 10(a)-(c).

On January 27, 2025, Global Brother sent a demand letter to Mr. Kaur at pixelshophub@gmail.com, the email address provided in the counter-notice, and to Ms. Tillis at Erickaisontime@gmail.com. *Id.* ¶ 18. The complaint alleges that neither responded to these communications. *Id.*

Global Brother filed this lawsuit on February 6, 2025, asserting claims against Mr. Kaur, Ms. Tillis, and Mr. Smith, as well as a number of unnamed Doe defendants, for (1) copyright infringement, in violation of 17 U.S.C. § 501; (2) unfair competition and false designation of origin, in violation of the Lanham Act, 15 U.S.C. § 1125(a); (3) misrepresentation in a DMCA counter-notice, in violation of 17 U.S.C. § 512(f); (4) violations of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; (5) unjust enrichment; and (6) tortious interference with business relationships. *Id.* at 8-14. Global Brother has since dismissed Mr. Smith from the action. Dkt. No. 19

Neither Mr. Kaur nor Ms. Tillis has appeared in this action, and on December 15, 2025, at Global Brother's request, the Clerk entered default against both defendants. Dkt. Nos. 36, 37. Global Brother now moves for entry of default judgment as to its copyright infringement claim only against both Mr. Kaur and Ms. Tillis. *See* Dkt. No. 39; Dkt. No. 45 at 1-2, 10.

## II. LEGAL STANDARD

The Clerk must enter default against a party who fails to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). After entry of default, a court may, in its discretion, enter default judgment. Fed. R. Civ. P. 55(b)(2);[2] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to enter default judgment, a court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

[2] "A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b)(2). There are no such issues presented here. Nor is there any indication that either defendant is a person in military service. *See* 50 U.S.C. § 3931.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) ("*Eitel* factors"). In considering these factors, all well-pled factual allegations in the complaint are taken as true. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). A court need not accept as true allegations that merely parrot the legal elements of a claim. *Id.* (affirming denial of default judgment where plaintiff's allegations were "not well-pleaded facts" but simply "legal conclusions"). The court may hold a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

## III. DISCUSSION

### A. Whether "Will Kaur" Is a Real Person or an Alias for Ms. Tillis

Global Brother's complaint and motion for default judgment indicate that "Will Kaur" may not be a real person and may instead be an alias used by Ms. Tillis. *See* Dkt. No. 1 ¶ 10(c) ("Upon information [and] belief, 'Will Kaur' is an alias used by Erika Tillis . . . ."); Dkt. No. 39 at 3 ("'Will Kaur' is an alias used by Erika Tillis . . . ."). At the motion hearing, the Court advised Global Brother that it would not recommend entry of default judgment against a fictitious person and asked Global Brother to provide supplemental briefing regarding whether it can confirm that "Will Kaur" is Ms. Tillis's alias. Dkt. No. 41. In its supplemental brief, Global Brother states that the record "supports either of two conclusions," that "Will Kaur" is Ms. Tillis's alias or that "Will Kaur" is a distinct co-conspirator acting jointly with Ms. Tillis. Dkt. No. 45 at 6.

The evidence presented suggests that "Will Kaur" is not a real person but rather an alias used by Ms. Tillis. In an earlier status report regarding Global Brother's efforts to effectuate service, Global Brother stated that the "only verified identifying information pertaining to Defendant Kaur presently available to Plaintiff comes from" the DMCA counter-notice. Dkt. No. 29 at 1. Although the DMCA counter-notice is signed by "Will Kaur," Global Brother advises that it has since learned that the counter-notice includes false information, including a Suisun City address that is neither Mr. Kaur's nor Ms. Tillis's address. *See* Dkt. No. 20, DeFrancesco Decl. ¶ 3, Ex. A ¶¶ 9, 10. Mr. Smith attests that he resides at the Suisun City address and that he believes use of his address in the counter-notice was fraudulent and constitutes identity theft. *Id.* Mr. Smith further attests that he knows Ms. Tillis because she is a "former friend, and former

United States District Court
Northern District of California

business partner," but that he does "not know anyone named Will Kaur." *Id.* ¶¶ 5, 6. In response to Global Brother's subpoena, Shopify produced records for the PixelShopHub website, but it was unable to provide a physical address for "Will Kaur." Dkt. No. 29 at 1.

Global Brother has provided records reflecting the results of its investigation. These results corroborate Mr. Smith's statement that he and Ms. Tillis are former friends and business partners. Specifically, California Department of Social Services reports, Nevada business records, and online property records reflect that Mr. Smith and Ms. Tillis co-owned a property at 2245 Sol Street, San Leandro, CA 94578 ("San Leandro address") from 2014 to 2024 and co-operated a residential care facility at the property until at least January 2025. *See* Dkt. No. 45 at 2; *id.*, DeFrancesco Decl. ¶¶ 3, 4, 7, 9, Exs. 1, 2, 7, 9.

On January 27, 2026, prior to initiating this action, Global Brother's counsel attempted to contact "Will Kaur" via email to pixelshophub@gmail.com, the email listed on the DMCA counter-notice. *See* Dkt. No. 31, DeFrancesco Decl. ¶ 4, Ex. 2 at ECF 7-8. An individual who identified herself as "Elizabeth Miller" responded and admitted knowledge of the infringing conduct at issue. *See id*. at ECF 6. "Ms. Miller" wrote that she is "just a young woman who was experimenting with e-commerce, and unfortunately, this situation arose due to a mistake made by a member of my team." *Id.* at ECF 3. Global Brother believes that "Elizabeth Miller" is a fictitious name. Dkt. No. 31, DeFrancesco Decl. ¶ 4.

In addition, on June 29 or 30, 2025, after Global Brother filed its complaint, Global Brother's counsel spoke with Ms. Tillis by phone at which time she acknowledged the litigation and agreed to provide a declaration attesting that she was not involved in the infringing conduct at issue. Dkt. No. 45 at 12; *id.*, Bailey Decl. ¶¶ 2-9, Ex. 9. Ultimately, however, Ms. Tillis failed to provide a signed declaration or respond to counsel's attempts to obtain her declaration. Dkt. No. 45 at 12. At the hearing, Global Brother's counsel confirmed that he has not been in contact with Ms. Tillis since then. Dkt. No. 41.

Ms. Tillis has not appeared in this action to refute any of Global Brother's allegations. The record strongly suggests that she is using fictitious names or aliases to avoid responsibility for the conduct alleged in the complaint. Conversely, there is no evidence that "Will Kaur" is a real

United States District Court
Northern District of California

person. The Court recommends that the Court find that Ms. Tillis is the only proper defendant in this action and that "Will Kaur" is Ms. Tillis's alias.

**B. Subject Matter Jurisdiction**

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has subject matter jurisdiction over Global Brother's copyright infringement claim pursuant to 28 U.S.C. §§ 1331, 1338(a).

**C. Personal Jurisdiction and Service of Process**

The Court may not enter default judgment against a defendant who is not subject to its jurisdiction. *In re Tuli*, 172 F.3d at 712. Global Brother bears the burden of establishing that this Court has personal jurisdiction over Ms. Tillis. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), *abrogated on other grounds* ("It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant."). In addition, a default judgment may not be entered against a defendant who was not properly served. *See SEC v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007).

Global Brother reports that it served Ms. Tillis pursuant to Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure by leaving copies of the complaint, summons, and related papers with a "Jane Doe" at the San Leandro address, and thereafter mailing copies of the same documents to the same address. Dkt. No. 23; Dkt. No. 39 at 2; Dkt. No. 45 at 3-5. The Court issued an interim order noting that there is nothing in the record indicating that the San Leandro address is, in fact, Ms. Tillis's residence, or that "Jane Doe" is a member of her household on whom service may be proper. Dkt. No. 42. In response, Global Brother offers evidence that several public records identify the San Leandro address as Ms. Tillis's address, including California Department of Social Services reports and online property records. Dkt. No. 45 at 3-5; *id.*, DeFrancesco Decl. ¶¶ 3-7, 9-11, Exs. 1-5, 7-8. Global Brother also contends that the proof of service establishes that "Jane Doe" is someone of suitable age and discretion who resides at the San Leandro address. *See* Dkt. No. 45 at 3; *see also* Dkt. No. 23 (stating papers were delivered to Jane Doe, a 55-year-old

resident at the San Leandro address).

Having considered Global Brother's supplemental submission, the Court is satisfied that service of process on Ms. Tillis meets the requirements of Rule 4(e)(2)(B). *See Fung v. Ray*, No. 15-cv-04871-BLF, 2018 WL 423504, at *3 (N.D. Cal. Jan. 16, 2018) (service pursuant to Rule 4(e)(2)(B) adequate where summons and complaint were left with unidentified person of suitable age and discretion residing at defendant's home); *Cobbler Nev., LLC v. Inglesias*, No. 15-cv-05313-EDL, 2016 WL 8453643, at *1-2 (N.D. Cal. Dec. 16, 2016) (service pursuant to Rule 4(e)(2)(B) adequate where process server left summons at defendant's residence "with a Jane Doe (approximately 60 years old) who refused to identify herself"), *report and recommendation adopted*, No. 15-cv-5313 CRB, 2017 WL 878039 (N.D. Cal. Mar. 6, 2017).

When no federal statute governs personal jurisdiction, federal district courts "follow state law in determining the bounds of their jurisdiction over persons." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1106 (9th Cir. 2020) (internal quotation omitted). California's long-arm statute, Cal. C.C.P. § 410.10, is coextensive with federal due process requirements, and therefore the jurisdictional analyses under state law and federal due process are the same. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011); Cal. C.C.P. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). Global Brother has shown that Ms. Tillis is a California resident. As such, she is subject to general personal jurisdiction anywhere in the state. *See Marshall Wealth Mgmt. Grp., Inc. v. Santillo*, No. 18-cv-03510-LHK, 2019 WL 79036, at *3 (N.D. Cal. Jan. 2, 2019) ("The Court may exercise general jurisdiction over a defendant who is domiciled in the forum state." (citing *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)). Moreover, Global Brother has shown that Ms. Tillis's residential address is in San Leandro, California, which is within the Northern District of California.

Accordingly, Global Brother has established that the Court properly may exercise personal jurisdiction over Ms. Tillis and that service on Ms. Tillis was properly effected.

United States District Court
Northern District of California

**D. *Eitel* Factors**

In its motion, Global Brother seeks entry of default judgment only as to its copyright infringement claim. *See* Dkt. No. 39; Dkt. No. 45 at 1-2, 10. Global Brother does not seek entry of judgment on its claims for unfair competition and false designation; misrepresentation in a DMCA counter-notice; violations of the UCL; unjust enrichment; and tortious interference with business relationships. *See* Dkt. No. 45 at 1-2. The Court addresses the *Eitel* factors that bear on Global Brother's copyright infringement claim. *Eitel*, 782 F.2d at 1471-72.

**1. The possibility of prejudice to plaintiff**

The first *Eitel* factor concerns whether Global Brother would suffer prejudice if default judgment were not entered, and whether such potential prejudice to Global Brother weighs in favor of granting default judgment. *Eitel*, 782 F.2d at 1471; *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1054 (N.D. Cal. 2010). Given Ms. Tillis's failure to respond to the complaint and to otherwise participate in the litigation, Global Brother would be left without recourse on its copyright infringement claim if the Court does not enter default judgment. *See Facebook, Inc. v. Kokhtenko*, No. 21-cv-03036-YGR (LB), 2021 WL 7448619, at *4 (N.D. Cal. Dec. 3, 2021). This factor generally weighs in favor of granting default judgment.

**2. The merits of Global Brother's claim and the sufficiency of the complaint**

The second and third *Eitel* factors concern the merits of Global Brother's claim and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471. The Ninth Circuit suggests that these factors require the Court to consider whether a plaintiff states a claim for relief on which it may recover. *Levi Strauss & Co. v. Toyo Enter. Co., Ltd.*, 665 F. Supp. 2d 1084, 1095 (N.D. Cal. 2009) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988) (reversing default judgment where complaint failed to allege required elements of claim). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *see also Chanel, Inc. v. Lin*, No. 09-cv-04996-JCS, 2010 WL 2557503, at *8 (N.D. Cal. May 7, 2010) ("[W]here the allegations in a complaint are not 'well-pleaded,' liability is not established by virtue of the defendant's default and default

judgment should not be entered."), *report and recommendation adopted*, No. 09-cv-04996 SI, 2010 WL 2557561 (N.D. Cal. June 21, 2010).

To state a claim for copyright infringement, Global Brother must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also* 17 U.S.C. § 501. "Before pursuing an infringement claim in court . . . a copyright claimant generally must comply with [17 U.S.C.] § 411(a)'s requirement that 'registration of the copyright claim has been made.'" *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019) (quoting 17 U.S.C. § 411(a)).[3]

Global Brother's complaint pleads all elements of a claim for copyright infringement against Ms. Tillis. First, Global Brother plausibly alleges that it is the owner of U.S. Copyright Registrations TXu002445163, TXu002446715, VAu001538856, and VAu001533601 related to the book *Forgotten Home Apothecary*. Dkt. No. 1 ¶ 11. Global Brother obtained its copyright registrations in 2024, prior to initiating this action. *See id.*, Ex. A at ECF 22. "A copyright registration is 'prima facie evidence of the validity of the copyright and the facts stated in the certificate.'" *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (quoting 17 U.S.C. § 410(c)); *see also Micro Star v. Formgen Inc.*, 154 F.3d 1107, 1110 (9th Cir. 1998) (holding that a "copyright registration creates a presumption of ownership"). As a copyright holder, Global Brother has the exclusive rights to reproduce, prepare, distribute, publicly perform, and import its copyrighted works. 17 U.S.C. § 106.

Second, Global Brother plausibly alleges that Ms. Tillis has been advertising and selling counterfeit copies of *Forgotten Home Apothecary* on her website PixelShopHub without authorization. Dkt. No. 1 ¶¶ 13-14, 22. Global Brother has therefore stated a claim for copyright infringement. *See, e.g.*, *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048-50 (N.D. Cal. 2010) (entering default judgment where plaintiff alleged defendant violated the Copyright Act

[3] The statute includes some limited exceptions to the registration requirement for live broadcasts and works preregistered with the Copyright Office before distribution. *See Fourth Est.*, 586 U.S. at 301-02; 17 U.S.C. §§ 408(f), 411(c). However, there is no indication that these exceptions apply here.

United States District Court
Northern District of California

through unauthorized sales, downloads, and marketing of its copyrighted work).

Because Global Brother has adequately pled a claim for copyright infringement, and demonstrated that the claim has merit, the Court concludes that the second and third *Eitel* factors weigh in favor of default judgment on this claim.

**3. Amount of money at stake**

The fourth *Eitel* factor considers the amount of money at stake in the litigation. *Eitel*, 782 F.2d at 1471. When the sum of money claimed is substantial or unreasonable, default judgment is discouraged. *See id.* at 1472 ($3 million judgment, considered in light of parties' dispute as to material facts, supported decision not to enter default judgment); *Tragni v. S. Elec. Inc.*, No. 09-cv-32 JF (RS), 2009 WL 3052635, at *5 (N.D. Cal. Sept. 22, 2009); *Bd. of Trs. v. RBS Washington Blvd, LLC*, No. 09-cv-00660 WHA, 2010 WL 145097, at *3 (N.D. Cal. Jan. 8, 2010). Conversely, when the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate. *See Bd. of Trs. of the Sheet Metal Workers Health Care Plan of N. Cal. v. Superhall Mech., Inc.*, No. 10-cv-2212 EMC, 2011 WL 2600898, at *2-3 (N.D. Cal. June 20, 2011) (the amount of unpaid contributions, liquidated damages, and attorney's fees were appropriate as they were supported by adequate evidence provided by the plaintiffs).

Under the Copyright Act, an infringer is liable for either the copyright owner's actual damages (plus any additional profits of the infringer) or statutory damages in a sum of "not less than $750 or more than $30,000," per infringed work, "as the court considers just." 17 U.S.C. § 504(c)(1). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2). Infringement is willful when done "with knowledge that the defendant's conduct constitutes copyright infringement." *Peer Int'l Corp. v. Pausa Recs., Inc.*, 909 F.2d 1332, 1336 n.3 (9th Cir. 1990). However, "willfulness can also be inferred from [the alleged infringer's] failure to defend." *Microsoft Corp. v. Ricketts*, No. 06-cv-06712 WHA, 2007 WL 1520965, at *4 (N.D. Cal. May 24, 2007). For purposes of statutory damages, "all the parts of a compilation or derivative work

constitute one work." 17 U.S.C. § 504(c)(1). "'Both the text of the Copyright Act and its legislative history make clear that statutory damages are to be calculated according to the number of works infringed, not the number of infringements.'" *Synopsys, Inc. v. ATopTech, Inc.*, No. 13-cv-02965-MMC (DMR), 2015 WL 1197705, at *3 (N.D. Cal. Mar. 16, 2015) (quoting *Walt Disney Co. v. Powell*, 897 F.2d 565, 569 (D.C. Cir. 1990)). "Statutory damages are intended to serve as a deterrent rather than a windfall, and the court has wide discretion to determine the amount of statutory damages between the statutory maxima and minima." *Restoration Hardware, Inc. v. Alimia Light*, No. 23-cv-00948-HSG (KAW), 2024 WL 4184079, at *12 (N.D. Cal. Aug. 26, 2024) (citing *Harris v. Emus Recs. Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984)), *report and recommendation adopted*, No. 23-cv-00948-HSG, 2024 WL 4260298 (N.D. Cal. Sept. 19, 2024).

Here, Global Brother seeks $30,000 in statutory damages, and an unspecified amount of attorneys' fees. Dkt. No. 39 at 5-6, 7; Dkt. No. 45 at 13-14, 16. Global Brother provides no evidence of the profits earned by Ms. Tillis from sales of counterfeit copies of the work or the revenue lost by Global Brother. Rather, Global Brother argues that it was deprived of the opportunity to determine actual damages and profits by Ms. Tillis's failure to appear or respond to the complaint or motion for default judgement. *See* Dkt. No. 39 at 5; Dkt. No. 45 at 14. For that reason, "statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Minden Pictures, Inc. v. GOPACKUP, Inc.*, No. 17-cv-09200CASSSX, 2018 WL 6003842, at *3 (C.D. Cal. Nov. 14, 2018) (citation omitted). Global Brother argues that while the evidence supports an award statutory damages of up to $150,000 for willful infringement, it seeks only $30,000, the maximum amount of statutory damages for non-willful infringement. Dkt. No. 39 at 5-6; Dkt. No. 45 at 13-14.

Where a defendant has engaged in copyright infringement and has refused to respond to the allegations brought against her, courts have found damages of this magnitude appropriate. *See Restoration Hardware*, 2024 WL 4184079, at *2, *12 (finding $30,000 statutory damages award appropriate on motion for default judgment on copyright infringement claim where plaintiff alleged that defendants operated online stores that sold knockoffs of plaintiff's products); *Minden*

*Pictures*, 2018 WL 6003842, at *3 (finding $30,000 statutory damages award reasonable where plaintiff alleged defendant published and displayed plaintiff's copyrighted photographs on defendant's website); *Glob. Brother SRL v. Shixiaolong*, No. 8:24-cv-02903-WFJ-CPT, 2025 WL 3033633, at *4 (M.D. Fla. Oct. 30, 2025) (awarding $30,000 per work infringed where Global Brother alleged defendant sold copies of *Forgotten Home Apothecary* and a second book on Amazon.com).

Here, the allegations of the complaint are sufficient to establish that Ms. Tillis engaged in copyright infringement and failed to participate in the litigation process. Although the sum requested may not be insubstantial for an individual defendant, the Court finds the request for statutory damages in the amount of $30,000 reasonable.

Accordingly, this factor weighs in favor of default judgment.

**4. Possibility of a dispute concerning material facts or excusable neglect**

The fifth and sixth *Eitel* factors concern the potential for factual disputes and whether a defendant's failure to respond was likely due to excusable neglect. *Eitel*, 782 F.2d at 1471-72. In *Eitel*, the court found both a factual dispute and excusable neglect. *Id.* at 1472. There, the defendant filed an untimely answer and counterclaim in which it disputed a number of material facts. *Id.* The *Eitel* court found that the parties had previously agreed to a final settlement of the action, and that the defendant reasonably relied on this agreement and promptly responded to the complaint when the agreement dissolved. *Id.* The court excused the defendant's failure to timely respond to the complaint and acknowledged the dispute of fact raised in the response. *Id.*

Here, the record demonstrates that Ms. Tillis had actual notice of this action and ample warning that she risked default if she failed to appear and defend the action. *See* Dkt. No. 45, Bailey Decl. ¶ 3 (Global Brother's counsel's declaration stating that he spoke with Ms. Tillis in June 2025 by phone, during which Ms. Tillis acknowledged awareness of this litigation); *id.*, Bailey Decl. ¶ 9, Ex. 9 (June 19, 2025 to July 17, 2025 email chain in which Ms. Tillis sent an email to plaintiff's counsel stating, "I've responded," after counsel's repeated attempts to obtain a declaration by Ms. Tillis that she was not involved in the infringing conduct at issue); *see also* *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014) (finding default was not the result

of excusable neglect where defendant did not appear and did not respond to plaintiff's motion for default judgment despite previously responding to plaintiff's cease and desist letter). Ms. Tillis did not appear or take any action to defend herself by disputing any material facts, even after entry of default by the Clerk of the Court. There is no indication that Ms. Tillis's default is due to excusable neglect.

These factors weigh in favor of default judgment.

**5. Policy favoring decisions on the merits**

The seventh *Eitel* factor requires considering the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1472; *see also Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). Although default judgment is disfavored, "[t]he very fact that [Rule] 55(b) exists shows that this preference, standing alone, is not dispositive." *Kloepping v. Fireman's Fund*, No. 94-cv-2684-TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996). "While the Federal Rules do favor decisions on the merits, they also frequently permit termination of cases before the court reaches the merits[,] . . . [as] when a party fails to defend against an action[.]" *Id.*

While the Court prefers to decide matters on the merits, Ms. Tillis's failure to participate in this litigation makes that impossible. Default judgment against Ms. Tillis is Global Brother's only option for recourse against Ms. Tillis at this time. *See United States v. Roof Guard Roofing Co., Inc.*, No. 17-cv-02592-NC, 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017) ("When a properly adversarial search for the truth is rendered futile, default judgment is the appropriate outcome.").

This factor also weighs in favor of default judgment.

**6. Conclusion**

Having considered the *Eitel* factors, the Court finds that they weigh in favor of granting default judgment against Mr. Tillis on Global Brother's claim for copyright infringement.

**E. Requested Relief**

Because this Court concludes that default judgment is warranted, it now considers Global Brother's request for relief. Global Brother seeks statutory damages, injunctive relief, and attorneys' fees and costs. Dkt. No. 39 at 5-7. Rule 54(c) requires that default judgments "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P.

United States District Court
Northern District of California

54(c).

**1. Statutory damages**

As discussed above, Global Brother requests statutory damages of $30,000. Dkt. No. 39 at 5-6; Dkt. No. 45 at 13-14. Although the complaint does not demand a specific amount of damages, it alleges that Ms. Tillis's conduct was willful and expressly seeks statutory damages pursuant to 17 U.S.C. § 504(c). Dkt. No. 1 ¶ 23; *id.* at 15.

"To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit." *Bd. of Trs. of the Laborers Health & Welfare Tr. Fund for N. Cal. v. A & B. Bldg. Maint. Co. Inc.*, No. 13-cv-00731 WHA, 2013 WL 5693728, at *4 (N.D. Cal. Oct. 17, 2013); *Cannon v. City of Petaluma*, No. 11-cv-0651 PJH, 2011 WL 3267714, at *2 (N.D. Cal. July 29, 2011) ("In order to 'prove up' damages, a plaintiff is generally required to provide admissible evidence (including witness testimony) supporting damage calculations."); *see also Bd. of Trs. of Bay Area Roofers Health & Welfare Tr. Fund v. Westech Roofing*, 42 F. Supp. 3d 1220, 1232 n.13 (N.D. Cal. 2014) ("It is Plaintiffs' burden on default judgment to establish the amount of their damages.").

Here, the Court finds that the statutory damages sought in the motion are not different in kind and do not exceed the amount prayed for in the complaint. *See Zlozower v. Women.com, Inc.*, No. 22-cv-03856-JLS-JC, 2023 WL 3432249, at *3 (C.D. Cal. Mar. 13, 2023). In addition, for the reasons discussed above, the Court finds that the amount of statutory damages Global Brother requests is reasonable and recommends that Global Brother be awarded a total of **$30,000** in statutory damages.

**2. Permanent injunction and other equitable relief**

Injunctive relief "is a precise tool to fix a precise injury," and "should be 'narrowly tailored' to remedy the specific harm a plaintiff has identified 'rather than to enjoin all possible breaches of the law.'" *Facebook, Inc. v. OnlineNIC Inc.*, No. 19-cv-07071-SI (SVK), 2022 WL 2289067, at *17 (N.D. Cal. Mar. 28, 2022) (internal quotation omitted), *report and recommendation adopted*, No. 19-cv-07071-SI, 2022 WL 17371092 (N.D. Cal. Oct. 17, 2022). Rule 65(d) "instructs courts to state the terms of the injunction specifically and to 'describe in

reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.'" *Id.* (citing Fed. R. Civ. P. 65(d)(1)(B)-(C)).

In its complaint, Global Brother asserts that it is entitled to injunctive relief, pursuant to 17 U.S.C. §§ 502 and 503, as follows:

> Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting further importing, advertising, using, making, or infringing U.S. Copyright Registration Nos. TXu002445163 and TXu002446715 for the text; and VAu001538856 and VAu001533601, and ordering all unauthorized copies that shall exist, to be destroyed or forfeited.

Dkt. No. 1 ¶ 25.

In support of its motion for default judgment, however, Global Brother seeks the following injunctive relief:

> Plaintiff seeks a permanent injunction prohibiting Ericka Tillis and Will Kaur, and all persons acting in concert with them, from reproducing, copying, distributing, selling, displaying, marketing, or otherwise exploiting *Forgotten Home Apothecary* without authorization, including through PixelShopHub, any successor or substitute website, any related domain, any associated storefront or listing, and any related email account or customer service portal used to facilitate the infringing activity. This includes any continuation, migration, replication, or rebranding of the PixelShopHub operation under a different domain, platform, or identity. . . . Plaintiff also seeks relief under 17 U.S.C. § 503(b) requiring Defendants to destroy infringing copies in Defendants' possession, custody, or control and to remove or disable infringing listings, webpages, advertisements, and storefronts associated with the infringement.

Dkt. No. 45 at 14-15.

The Court first addresses whether Global Brother is entitled to a permanent injunction before addressing the scope of Global Brother's requested injunctive relief.

**a. Permanent injunction**

The Copyright Act authorizes "temporary and final injunctions" on such terms as the Court may deem reasonable "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Additionally, courts may order destruction of unauthorized copies of copyrighted works. *Id.* § 503(b). "According to well-established principles of equity," to obtain a permanent injunction a

plaintiff must show that it meets four criteria:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The Court finds that Global Brother has established that all four factors are satisfied and recommends granting a permanent injunction. First, Global Brother alleges that it has marketed, distributed, and sold *Forgotten Home Apothecary* in the United States "since at least as early as 2023, generating substantial consumer recognition and goodwill." Dkt. No. 1 ¶ 12. Global Brother further alleges that Ms. Tillis's infringement of its copyrights associated with the book has harmed Global Brother's reputation, consumer goodwill, and financial interests, and that Global Brother will continue to suffer substantial damages absent an injunction. *Id.* ¶ 19; *see generally, e.g.*, *Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 943, 949 (N.D. Cal. 2009) (finding irreparable injury where infringement harmed the competitive position and market share of the copyrighted work), *aff'd*, 658 F.3d 1150 (9th Cir. 2011).

Second, Global Brother claims that there is "substantial risk of repetition" of infringement because Ms. Tillis can continue selling copies of Global Brother's book on other platforms or under different names. *See* Dkt. No. 1 ¶¶ 22, 24; Dkt. No. 39 at 6; Dkt. No. 41. The record suggests that without a permanent injunction, Ms. Tillis will likely continue her infringement, exposing Global Brother to further injury and requiring repeated lawsuits for ongoing infringement. Indeed, in failing to appear to appear and defend this action, Ms. Tillis has given no indication that she will respond to Global Brother's allegations, much less cease her infringing activities. *See Michael Grecco Prods., Inc. v. 8 Decimal Cap. Mgmt., LLC*, No. 20-cv-07466-HSG-TSH, 2021 WL 2534567, at *6 (N.D. Cal. June 1, 2021) ("Monetary damages are not sufficient to compensate [plaintiff] for this injury because it would be forced to bring repeated lawsuits to recover for ongoing infringement."), *report and recommendation adopted*, No. 20-cv-07466-HSG, 2021 WL 2531093 (N.D. Cal. June 21, 2021); *Cobbler Nev.*, 2016 WL 8453643, at

*4 ("Defendant's failure to respond to the suit, alongside Plaintiff's pleadings, suggests that Defendant's infringing activities will not cease absent judicial intervention.").

Third, Ms. Tillis will not suffer a hardship from an injunction that prohibits her from illegally marketing and distributing Global Brother's copyrighted work—i.e., conduct that she has no right to engage in at all. *See Strike 3 Holdings, LLC v. Andaya*, No. 21-cv-00760-VKD, 2021 WL 5123643, at *6 (N.D. Cal. Nov. 4, 2021) (granting permanent injunction and noting, "[n]othing in the proposed injunction prohibits [defendant] from lawfully accessing [plaintiff's] films."), *report and recommendation adopted*, No. 21-cv-00760-LHK, 2021 WL 5908421 (N.D. Cal. Dec. 14, 2021).

Fourth, the Court agrees with Global Brother that the public interest will not be disserved by Global Brother's requested injunctive relief. *See generally Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1222 (C.D. Cal. 2007) ("The public interest in receiving copyrighted content for free is outweighed by the need to incentivize the creation of original works.").

Because all factors weigh in Global Brother's favor, the Court recommends that a permanent injunction is appropriate here.

**b. Scope of injunction**

Global Brother's proposed injunction differs in some respects from the injunctive relief sought in the complaint. Specifically, while the proposed injunction purports to prohibit Ms. Tillis from "reproducing, copying, distributing, selling, displaying, marketing, or otherwise exploiting *Forgotten Home Apothecary*," Dkt. No. 45 at 14-15, in the complaint, Global Brother asks for an injunction prohibiting "further importing, advertising, using, making, or infringing U.S. Copyright Registration Nos. TXu002445163 and TXu002446715 for the text; and VAu001538856 and VAu001533601," Dkt. No. 1 ¶ 25. In addition, the proposed injunction purports to enjoin Ms. Tillis's infringing conduct "through PixelShopHub, any successor or substitute website, any related domain, any associated storefront or listing, and any related email account or customer service portal used to facilitate the infringing activity," including "any continuation, migration, replication, or rebranding of the PixelShopHub operation under a different domain, platform, or

identity." Dkt. No. 45 at 15. This request does not appear in the complaint. *See* Dkt. No. 1 ¶ 25. Global Brother's proposed injunction also differs from the injunctive relief in the complaint to the extent it purports to require Ms. Tillis to "remove or disable infringing listings, webpages, advertisements, and storefronts associated with the infringement." Dkt. No. 45 at 15.

In view of these differences between the proposed injunction and the relief sought in the complaint, the Court concludes that the scope of the proposed injunction differs in material respects from the relief sought in the complaint. Accordingly, the Court recommends that a more limited injunction be entered against Ms. Tillis to protect Global Brother's exclusive rights under 17 U.S.C. § 106, as follows:

> Ms. Tillis, also known as Will Kaur; Ms. Tillis's officers, agents, servants, employees, and attorneys; and all persons acting in concert or participation with Ms. Tillis are permanently enjoined from infringing Global Brother's exclusive rights in *Forgotten Home Apothecary* under the Copyright Act. Specifically, they are restricted from reproducing, preparing derivative works based upon, distributing, performing, displaying, or selling *Forgotten Home Apothecary* or otherwise infringing on Global Brother's exclusive rights as to *Forgotten Home Apothecary* under the Copyright Act.
>
> Ms. Tillis, also known as Will Kaur; Ms. Tillis's officers, agents, servants, employees, and attorneys; and all persons acting in concert or participation with Ms. Tillis are further ordered, pursuant to 17 U.S.C. § 503(b), to destroy all copies made or used in violation of Global Brother's exclusive rights in *Forgotten Home Apothecary* that are in their possession, custody, or control.

*See, e.g.*, *Michael Grecco Prods.*, 2021 WL 2534567, at *6-7 (recommending that the scope of the requested injunction be limited to what was sought in the complaint); *Evony, LLC v. Feng Inv., Ltd.*, No. 11-cv-00141 SBA (KAW), 2014 WL 12658954, at *10 (N.D. Cal. May 21, 2014) (denying modified request for injunctive relief, raised "for the first time in [plaintiff's] motion for

United States District Court
Northern District of California

default judgment," "[s]ince [p]laintiff did not seek this relief in the complaint"), *report and recommendation adopted sub nom. Evony, LLC v. Aeria Games & Ent., Inc.*, No. 11-cv-0141 SBA, 2014 WL 12658953 (N.D. Cal. June 12, 2014).

**3. Attorneys' fees and costs**

Under 17 U.S.C. § 505, this Court has discretion to "allow the recovery of full costs by or against any party," and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Although Global Brother has requested attorneys' fees and costs as a part of default judgment, it seeks leave to request a specific amount after judgment is entered. *See* Dkt. No. 1 at 15; Dkt. No. 39 at 7; Dkt. No. 45 at 16.

The Court recommends that Global Brother, upon submission of an appropriate post-judgment motion filed pursuant to Civil Local Rule 54-5, be awarded reasonable attorneys' fees and costs.

## IV. CONCLUSION

Because not all parties have consented to magistrate judge jurisdiction, the Court directs the Clerk of the Court to reassign this action to a district judge. For the foregoing reasons, the Court recommends that:

1. The Court grant default judgment in Global Brother's favor on the merits of its claim for copyright infringement against Ericka Tillis, also known as Will Kaur.
2. The Court award Global Brother $30,000 in statutory damages.
3. The Court issue a permanent injunction as follows:

> Ms. Tillis, also known as Will Kaur; Ms. Tillis's officers, agents, servants, employees, and attorneys; and all persons acting in concert or participation with Ms. Tillis are permanently enjoined from infringing Global Brother's exclusive rights in *Forgotten Home Apothecary* under the Copyright Act. Specifically, they are restricted from reproducing, preparing derivative works based upon, distributing, performing, displaying, or selling *Forgotten Home Apothecary* or otherwise infringing on Global Brother's exclusive

rights as to *Forgotten Home Apothecary* under the Copyright Act.

Ms. Tillis, also known as Will Kaur; Ms. Tillis's officers, agents, servants, employees, and attorneys; and all persons acting in concert or participation with Ms. Tillis are further ordered, pursuant to 17 U.S.C. § 503(b), to destroy all copies made or used in violation of Global Brother's exclusive rights in *Forgotten Home Apothecary* that are in their possession, custody, or control.

4. The Court award Global Brother reasonable attorneys' fees and costs, upon submission of an appropriate post-judgment motion filed pursuant to Civil Local Rule 54-5.

Global Brother shall serve Ms. Tillis with a copy of this order, and shall promptly file proof of service thereafter. Any party may serve and filed objections to this report and recommendation within 14 days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civil L.R. 72-3.

**IT IS SO ORDERED.**

Dated: July 17, 2026

Virginia K. DeMarchi
United States Magistrate Judge